MICHAEL J. MICELI, ESQ.
PITARO & FUMO CHTD.
Nevada Bar No. 010151
601 Las Vegas Blvd. South
Las Vegas, Nevada 89101
(702) 382-9221
Attorney for Defendant
MICHAEL LOFTON

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL LOFTON,<br><br>  Defendant. | Case No.: 12-CR-00004-APG-GWF |

## SENTENCING MEMORANDUM

**COMES NOW** the defendant, **MICHAEL LOFTON**, by and through his counsel, **MICHAEL J. MICELI, ESQ.**, and hereby submits this Sentencing Memorandum.

The Sentencing Memorandum is based on the Points and Authorities attached hereto and all the papers and files herein.

**DATED** this 19th day of May, 2014.

　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　　MICHAEL J. MICELI, ESQ.
　　　　　　　　　　　　　　　　　　　Nevada Bar No. 010151
　　　　　　　　　　　　　　　　　　　601 Las Vegas Blvd. South
　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89101
　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　MICHAEL LOFTON

Law Office of Thomas F. Pitaro
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
(702) 382-9221

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On January 23, 2014, Lofton pled guilty to Count 1, Participation in a Racketeer Corrupt Organization (RIC). Sentencing is scheduled for May 22, 2014.

Based on the agreement and stipulation by the Defendant and the Government (hereinafter "the parties") in the Plea Agreement, the parties agree that the adjusted offense level is 34, a 3 level reduction is agreed upon for acceptance of responsibility and timely plea, and then there will be a reduction for a group plea. The parties agree that as long as Lofton is found to be a category I for criminal history, they will jointly recommend that the Court sentence Lofton to sixty-three (63) months imprisonment (Plea Agreement at 15). Lofton is a category I for criminal history.

However, Probation has determined that the Adjusted total offense level is 41. Probation would not apply 3 level reduction for Acceptance of Responsibility. After a reduction for group plea and the statutory maximum, Probation has determined that the guideline range is 210 - 240 months. Probation has recommended that Lofton be given a variance and be sentenced to 87 months. This Court should not follow the recommendation of Probation, rather it should follow the agreement and stipulation of the parties as stated in the Plea Agreement.

Therefore Lofton requests that this Honorable Court sentence him to a term of 63 months.

## ARGUMENT

I. **OBJECTIONS TO PSR**

Objections to the Pre-Sentence Report were timely provided to the Probation office and are attached hereto as Exhibit A.

////

Law Office of Thomas F. Pitaro
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
(702) 382-9221

## II. LOFTON SHOULD RECEIVE A SENTENCE OF 63 MONTHS AS AGREED UPON BY THE PARTIES IN THE PLEA MEMORANDUM.

Lofton is 36 years old, and until this case, had no criminal history. Lofton comes from a good family, and his parents have been very supportive during this time of his incarceration. Once released from custody, Lofton's parents are willing to assist him and allow him to live in their home.

Lofton became addicted to drugs when he was approximately 27 years old. Lofton has a problem with cocaine. Lofton began committing the instant offense to support his drug habit. Lofton understands that drugs have led to his downfall and he hopes to undergo drug treatment, such as the RDAP program while incarcerated.

Lofton served in the military in the United States Marine Corps from 1999 to 2006. Lofton received an Honorable discharge and his highest rank was E-4. Lofton did tours oversees in Iraq. Under 5H1.11, the court may grant a departure for Lofton's military service. While under the plea agreement, Lofton will not ask for a sentence under 63 months, this Court should take into account his military service and sentence him to 63 months as agreed upon by the parties.

While the overall conspiracy led to millions of dollars in loss, Lofton himself only benefitted in the thousands. Lofton was only making enough money to live and support a drug habit. While under a conspiracy theory, Lofton is responsible for all members of the conspiracy, this Court should take into account Lofton's actual involvement in the scheme.

After taking into account Lofton's characteristics this Court should impose a sentence of 63 months as any sentence higher would not be reasonable, nor would it be in the interest of justice.

3

## CONCLUSION

Based on the above and foregoing Lofton respectfully requests that this Court impose a sentence of 63 months, which is the agreed upon sentence between the parties.

**DATED** this day of 19th May, 2014.

       /S/
**MICHAEL J. MICELI, ESQ.**
Nevada Bar No. 010151
601 Las Vegas Blvd. South.
Las Vegas, Nevada 89101
Attorney for Defendant
**MICHAEL LOFTON**

Law Office of Thomas F. Pitaro
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
(702) 382-9221

4

**PITARO & FUMO, CHTD.**
ATTORNEYS AT LAW
601 S. LAS VEGAS BLVD.
LAS VEGAS, NEVADA 89104
TELEPHONE (702) 382-9221
FACSIMILE (702) 382-9961

OSVALDO E. FUMO, ESQ.
DUSTIN R. MARCELLO, ESQ.

THOMAS F. PITARO, ESQ.
MICHAEL J. MICELI, ESQ.

April 23, 2014

United States Probation Officer
300 Las Vegas Boulevard South, Suite #1200
Las Vegas, Nevada 89101

**RE: 2:12-cr-00004-APG-GWF**

### OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

1. Lofton objects to ¶ 44 and any other reference to him violating the terms of the Plea Agreement regarding the Reduction of Offense for Acceptance of Responsibility, where the probation office is stating that he does not receive a reduction for acceptance because he committed a new felony offense.

   Lofton committed the new felony offense from December 2012 through January 2013, and was arrested February 5, 2013. Lofton did not sign his plea agreement in the instant case until December 20, 2013 and did not plead guilty until January 23, 2014. Thus he could not violate terms of a plea agreement that he had not yet signed by committing the other felony offense in 2012 and early 2013. Therefore Lofton is entitled to a 2 level reduction.

2. Lofton objects to ¶ 46 and any other reference to the base offense level being 43 for a loss of $50,000,000 to $100,000,000 and a total offense level of 37 after reductions. In the plea agreement Lofton agreed to a loss of $7,000,000 to $20,000,000 and a total offense level of 26 after reductions. Based on this Lofton's sentencing range should be 63 to 78 months, not 210 to 240 months as reported in the PSR.

Sincerely,

Michael J. Miceli
Attorney at Law

MJM:cac

